# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

ALLVETTE LLC,

    Plaintiff,

v.

ARETE AUTOMOBILI SP.Z.O.O.,
VITALY FURGESEN, and a CERTAIN
MERCEDES BENZ G230, *In Rem*,

    Defendants.

CV 2:18-129

## ORDER

Plaintiff filed a complaint seeking an *in rem* action, Count I of the Complaint, for the arrest of a certain vehicle pursuant to Rule D of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and seeking damages and other remedies, Counts II and III, for a state law breach of contract claim. No Defendant has answered the Complaint nor appeared in this action. After Plaintiff moved for a default judgment, the Court held a hearing in which it explained the necessity of following the proper procedure and notice requirements for obtaining a default judgment. At that hearing, the Court also made clear that Plaintiff has the burden of establishing that the Court has jurisdiction over this action. Since that hearing, Plaintiff has

complied with part of the Court's guidance by moving for a Clerk's Entry of Default, which has been entered by the Clerk of Court. The Court understands that Plaintiff wants his remedy, but the Court has a duty "to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (internal quotation marks and citation omitted).

The Court awaits verification that notice has been given and clarification of the Court's jurisdiction.

Plaintiff's Complaint states that the Court has subject matter jurisdiction over its claims pursuant to 28 U.S.C. § 1331 and pendent jurisdiction over the state law claims. Dkt. No. 1 ¶ 5. Count I of the Complaint is a claim brought "pursuant to this Court's admiralty jurisdiction pursuant to Federal Rules of Civil Procedure, Rule 9(h)." Dkt. No. 1 ¶ 31. Counts II and III of the Complaint are state law claims. Thus, it appears from the Complaint that Plaintiff's contends that the court has admiralty jurisdiction, thus vesting subject matter jurisdiction in the Court under Section 1331.[1]

Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However,

---

[1] Notably, the Complaint does not allege diversity jurisdiction.

2

"admiralty claims do not arise under the laws of the United States within the meaning of 28 U.S.C. § 1331(a) and thus are not federal question cases." Marine Coatings of Alabama, Inc. v. United States, 792 F.2d 1565, 1567 (11th Cir. 1986) (citing Romero v. International Terminal Operating Co., 358 U.S. 354, 367 (1959)). Therefore, Plaintiff has not established that its claims arise under § 1331, and thus that section does not vest this Court with subject matter jurisdiction. However, § 1331 is the *only* basis for subject matter jurisdiction that Plaintiff invokes.

If Plaintiff wishes to proceed in this Court under admiralty jurisdiction, then the more appropriate statute that *can* vest the Court with subject matter jurisdiction is 28 U.S.C. § 1333: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

Plaintiff's *in rem* claim and its *in personam* breach of contract claim are intertwined such that it seeks possession of a certain vehicle as a remedy for Defendants' alleged breach of contract to sell Plaintiff said vehicle. Nevertheless, whether Plaintiff's basis for invoking the Court's admiralty jurisdiction is couched in its *in rem* claim or breach of contract claim, Plaintiff has not yet established that the Court has admiralty jurisdiction.

3

Regarding the breach of contract claim, "[t]o support admiralty jurisdiction in a breach of contract action, the underlying contract must ordinarily be a maritime contract." Kuehne & Nagel (AG & Co) v. Geosource, Inc., 874 F.2d 283, 290 (5th Cir. 1989). Similarly, with regard to the *in rem* claim, "[a]dmiralty jurisdiction over a possessory suit under Supplemental Rule D seeking recovery of cargo or other maritime property does not automatically vest in the federal courts simply because such items may be found aboard a ship. Rather, a possessory action to regain cargo or other maritime property can be maintained *only if the allegedly wrongful possession resulted from a maritime tort or breach of a maritime contract.*" Hup Aik Huat Trading Pte Ltd. v. 900 Bags of Malabar Garbled Black Pepper in Ocean Shipping Containers Nos. TRIU3419945, MSCU2624506, & TPHU6233345, 115 F. Supp. 2d 529, 533 (D. Md. 2000) (internal quotation marks and citations omitted) (emphases added).[2] Thus, regarding the *in personam* breach of contract claim and the *in rem*

---

[2] One other avenue for an *in rem* claim in admiralty is pursuant to a maritime lien. Rule C(1) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides in relevant part that "[a]n action *in rem* may be brought: (a) To enforce any maritime lien." As the Eleventh Circuit puts it, "[a]n *in rem* admiralty proceeding requires as its basis a maritime lien." Crimson Yachts v. Betty Lyn II Motor Yacht, 603 F.3d 864, 868 (11th Cir. 2010). See also Lafarge Corp. v. M/V MACEDONIA HELLAS, 2000 WL 687708, at *5 (E.D. La. May 24, 2000) ("A maritime action *in rem* has traditionally been available only in connection with a maritime lien."). Plaintiff, however, has not alleged a maritime lien.

claim sprouting from the alleged breach of contract, a maritime contract is necessary in these circumstances for the Court to have admiralty jurisdiction. "A maritime contract in general is one whose subject matter is necessary to the operation, navigation, or management of a ship, and precedent has defined categories that provide useful boundary posts for the line between maritime and state-law-governed contracts." <u>Wilkins v. Commercial Inv. Tr. Corp.</u>, 153 F.3d 1273, 1276 (11th Cir. 1998) (internal quotation marks and citations omitted).

The contract that was allegedly breached is not alleged to be a maritime contract, which would establish admiralty jurisdiction. Indeed, the factual allegations in the Complaint point to the conclusion that the contract was not a maritime contract as defined by the Eleventh Circuit in <u>Wilkins</u>. Rather, Plaintiff's contract seems to fall into the category discussed in <u>Hup Aik Huat</u>, where the purported jurisdictional hook is that the item was travelling aboard a ship, but the fact that an item is cargo on a ship is not, by itself, sufficient to establish admiralty jurisdiction.

Regarding the *in personam* actions, Counts II and III, are brought pursuant to state law. Thus, the Court does not have original jurisdiction, unless it has diversity jurisdiction, and it is neither alleged nor established at this point that it does.

**SO ORDERED**, this 27th day of February, 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA