# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

ALLVETTE LLC,

    Plaintiff,

v.

ARETE AUTOMOBILI SP.Z.O.O.,
VITALY FURGESEN, and a CERTAIN
MERCEDES BENZ G230, *In Rem*,

    Defendants.

CV 2:18-129

## ORDER

Plaintiff filed this action on October 25, 2018. Dkt. No. 1. On that same day, it moved to arrest a certain vehicle on a ship at the Port of Brunswick (the "Cargo"). Dkt. No. 6. The Court granted the motion and the Cargo was arrested. Dkt. Nos. 10, 17. None of the Defendants have appeared in this case at any point in time. After the time lapsed for Defendants' to file an answer, Plaintiff moved for a clerk's entry of default, and then for a default judgment. Dkt. Nos. 19, 23. The clerk entered default, dkt. no. 24, and the Court held a hearing regarding the motion for default judgment, dkt. nos. 21, 22. After the hearing, the Court became concerned that it lacked subject-matter jurisdiction over this action, and the Court entered an order explaining the reasons for its concern. Dkt. No. 28. In response, Plaintiff filed an

amended complaint. Dkt. No. 29. After the amended complaint was filed, Plaintiff moved for release of the arrested Cargo. Dkt. No. 30. Because the Court determines that it has subject-matter jurisdiction over this action,[1] properly before the Court are Plaintiff's Motion for Default Judgment, dkt. no. 19, and Plaintiff's Motion for Release of Cargo, dkt. no. 30.

Turning to the Motion for Default Judgment, because Plaintiff has filed an amended complaint, which supersedes the original complaint, the Court must deny the motion as moot. See Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes

---

[1] The Court has admiralty jurisdiction (and thus subject-matter jurisdiction) over this action because Plaintiff alleges that it has a right to possess the original bill of lading needed for delivery of the *res* in this case. Further, "since federal courts possess admiralty jurisdiction under Supplemental Rule D over cases involving disputes as to the possession of negotiable bills of lading, disputes as to the possession of the cargo with which such bills have merged would also be subject to the Court's admiralty jurisdiction." Hup Aik Huat Trading Pte Ltd. v. 900 Bags of Malabar Garbled Black Pepper in Ocean Shipping Containers Nos. TRIU3419945, MSCU2624506, & TPHU6233345, 115 F. Supp. 2d 529, 534-35 (D. Md. 2000). Here, Plaintiff avers that it is the rightful owner and thus possessor of the bill of lading and the cargo listed on the bill of lading. Although there is an argument to be made that the only contract at issue is not maritime but is the purchase agreement between Plaintiff and Defendants, see EFKO Food Ingredients Ltd. v. Pac. Inter-Link SDN BHD, 582 F. Supp. 2d 466, 470 (S.D.N.Y. 2008) ("It has been widely held that a commodity sale and purchase contract—even if the contract requires maritime transport relating to the shipment of the commodity—is not maritime in nature."), the allegedly improper withholding of the bill of lading convinces the Court that the action is properly before it. Accordingly, the Court has subject-matter jurisdiction.

2

the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (internal quotation marks and citation omitted); United States, ex rel. SimplexGrinnell, LP, v. Aegis Ins. Co., 2009 WL 577286, at *2 (M.D. Pa. Mar. 5, 2009) (holding that the filing of an amended complaint moots a previous motion for default judgment and citing cases holding the same); S.-Owners Ins. Co. v. Wiggins, 2010 WL 11623482, at *1 (M.D. Fla. Dec. 2, 2010) (holding the same). Plaintiff's Motion for Default Judgment, dkt. no. 19, is **DENIED as moot.**

Regarding the Motion for Release of Cargo, the Court finds that the release of the arrested Cargo is warranted in these circumstances: no Defendant has made any appearance in this case, and no Defendant has made any claim for or over the arrested cargo. Thus, Plaintiff's Motion for Release of Cargo, dkt. no. 30, is **GRANTED**. The Cargo is hereby released to Plaintiff. Once the Substitute Custodian relinquishes control of the Cargo to Plaintiff, the Substitute Custodian is discharged from his or her duties of safekeeping the Cargo. Plaintiff shall pay all fees and expenses owed to the Substitute Custodian as a condition of the release of the Cargo.

AO 72A
(Rev. 8/82)

**SO ORDERED**, this 12th day of March, 2019.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA